# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MAURO MARTINEZ MIRANDA, Individually and On Behalf of All Similarly Situated Persons, <br>     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-0845 |
| ERIC ROBERT POCEVIC, Individually and d/b/a INDEPENDENT COMMERCIAL CONTRACTORS, <br>     Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought individually and as a collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs owed to Plaintiff Mauro Martinez Miranda and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies.

### Parties

1. Plaintiff Mauro Miranda Martinez ("Miranda") a former employer of Defendant, was personally engaged in interstate commerce during his employment with Defendant, and is represented by the undersigned.

2. Defendant Eric Robert Pocevic ("Pocevic"), individually and d/b/a Independent Commercial Contractors ("ICC"), is an individual who is or was doing business under the name "Independent Commercial Contractors" and is or was an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, Pocevic is subject to the provisions of the FLSA. Pocevic was at all relevant times an enterprise engaged in commerce or

in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000. Defendant Eric Robert Pocevic may be served at 1919 Peppermill Rd., Houston, Texas 77080 or 8249 CR 471, Normangee, Texas 77871 or wherever he may be found.

### Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

### Factual Allegations

4. Mauro M. Miranda was employed by the Defendant from mid-2016 until February of 2017. He was employed as a construction worker. Mr. Miranda's duties included, but were not limited to, installing sheetrock, framing, working with concrete as a finisher installing and repairing concrete walls and other structures, as well as doing other general

2

construction work when necessary. He regularly worked more than 40 hours a week throughout his employment with Defendant.

5. Mr. Miranda was paid on hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Plaintiff's employment with Defendant, Defendant failed to pay him the overtime premium required by the FLSA. He was instead paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

6. Eric Robert Pocevic is the owner and control person of ICC, and has the ability to affect the daily conditions of employment of the company's employees. Pocevic hired, fired and set pay policies and structures for employees. Pocevic is and/or was thus the "employer" of Miranda and his co-workers under the terms and definitions of the FLSA, and is severally liable to Miranda and those similarly situated to him for the damages sought herein.

7. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

8. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendant in violating the FLSA, Miranda and those similarly situated to him who opt in to this lawsuit are entitled to recover unpaid overtime and liquidated damages for a period of three years prior to their appearance in this matter.

**Plaintiff's Individual Allegations**

9. As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours

in each workweek. Defendant failed to pay the Plaintiff the required overtime premium in many of the workweeks that the Plaintiff was employed by Defendant, as the Plaintiff often worked in excess of 40 hours per week, and sometimes worked much more than that. Plaintiff was paid on hourly rate basis, but was not paid premium pay for hours worked over 40.

10. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out his illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

### Collective Action Allegations

11. Other employees have been victimized by the Defendant's pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies that the Defendant has imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendant makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pay all construction workers on the same basis.

12. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual, physical work that the Plaintiff performed. Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Plaintiff in terms of their job duties.

13. Further, each member of the class was paid according to a common payment

scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14. The Defendant's failure to pay his employees as required by the FLSA resulted from a generally applicable policy independent of any personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out his illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

16. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed on an hourly basis by Defendant Eric Robert Pocevic, Individually and d/b/a Independent Commercial Contractors during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendant.

18. Plaintiff and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

19. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

20. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Eric Robert Pocevic, Individually and d/b/a Independent Commercial Contractors on an hourly basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that his violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone

713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF MAURO MARTINEZ MIRANDA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**
**MAURO MARTINEZ MIRANDA**